UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case No. 25-cr-20154

v.                                   Honorable Linda V. Parker

JONATHAN ROBERSON-JEFFERSON,

        Defendant.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT UNDER THE SECOND AMENDMENT (ECF NO. 22)

Defendant Jonthan Roberson-Jefferson ("Defendant") is charged in a two-count Indictment with felon in possession of ammunition (Count One) and felon in possession of a firearm (Count 2), in violation of 18 U.S.C. § 922(g)(1). (ECF No. 13.) The matter is before the Court on Defendant's motion to dismiss the Indictment on Second Amendment grounds. (ECF No. 22.) Defendant argues that § 922(g)(1) is facially unconstitutional and unconstitutional as applied to him. He also argues that the Sixth Circuit's interpretation of the statute renders it unconstitutionally overbroad and vague. The United States opposes Defendant's motion. (ECF No. 18.) For the reasons set forth below, the Court denies it.

# I.   SECOND AMENDMENT FRAMEWORK

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Supreme Court established a two-step framework for analyzing whether an individual's Second Amendment rights were violated and held that the regulation of those rights must be consistent with the "Nation's historical tradition of firearm regulations."  *Id*. at 17.

To assess the constitutionality of a firearms regulation under the new framework in *Bruen*, the Court must follow a two-step approach.  First, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."  *Id.* at 17.  Second, when a regulation burdens such presumptively protected conduct, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  *Id.*

## *Bruen* Analysis of § 922(g)(1)

The Sixth Circuit Court of Appeals clarified the impact of *Bruen* on Sixth Circuit precedent concerning the constitutionality of § 922(g)(1) in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024).  The *Williams* court began its *Bruen*

analysis by thoroughly reviewing the plain text of the Second Amendment.  *Id.* at 648-650.

The court rejected the argument that usage of terms such as "law-abiding" and "responsible" in *Bruen* and earlier Supreme Court case law justify barring felons from exercising their Second Amendment rights.  *Id.* at 645-647.  Instead, the court pointed to *Heller*'s direct assertion that the right to bear arms "belongs to all Americans" and not an "unspecified subset."  *Id.* at 646 (citing *District of Columbia v. Heller*, 554 U.S. 570, 580 (2008)).  Ultimately, the Sixth Circuit found that the Second Amendment presumptively protects a felon's right to possess a firearm and thus, passed to the second step of the *Bruen* analysis.  *Id.* at 649.

The court then conducted an extensive historical analysis, as required by *Bruen*, and reached the conclusion that "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous."  113 F.4th at 657.  The Sixth Circuit found that in light of the nation's history and tradition, "most applications of § 922(g)(1) are constitutional" and the statute is constitutional on its face and "as applied to dangerous people."  *Id.* at 646.  However, the court left open the possibility of an as-applied challenge should a defendant prove he is not dangerous "and thus falls outside of § 922(g)(1)'s

constitutionally permissible scope[.]" *Id.* It is the role of the district court to make this dangerousness determination.

*Williams* **Framework**

The *Williams* court then provided three categories under which to view a defendant's past conduct to guide the dangerousness analysis. In the first category are crimes against the person, such as "murder, rape, assault, and robbery." *Williams*, 113 F.4th at 658. The court noted that a history of violent crimes like these are "strong evidence that an individual is dangerous." *Id.* In the second category are crimes that, "while not strictly crimes against the person, may nonetheless pose a significant threat of danger," such as drug trafficking and burglary. *Id.* at 659. The court also implied that a prior conviction for felon in possession of a firearm falls into this second category. *Id.* at 662. The court stated that convictions for these crimes will often "put someone's safety at risk, and thus, justify a finding of danger." *Id*. at 659. The court emphasized that a person who falls into the first two categories will have a very difficult time showing he or she is not dangerous. *Id.*

In the final category are "crimes that cause no physical harm to another person or the community," such as mail fraud and making false statements. *Id.* The court stated that these cases are a "more difficult category," but that district

4

courts will likely "have no trouble concluding that many of these crimes don't make a person dangerous." *Id.*

When evaluating a defendant's dangerousness, a court may consider a defendant's entire criminal record—not just the specific felony underlying the § 922(g)(1) charge. *Id.* Courts may also consider any evidence of past convictions in the record, as well as other judicially noticeable information, when assessing a defendant's dangerousness. *Id.* at 660. However, the question of what information is relevant to determine dangerousness and the weight to give such evidence was intentionally left open by *Williams*.

Nevertheless, the Sixth Circuit compared the assessment to dangerousness determinations made under 18 U.S.C. §§ 3142 and 3553. *Id.* at 657. The dangerousness determination must be "fact-specific, depending on the unique circumstances of the individual defendant." *Id.* at 661. The defendant bears the "extremely heavy" burden of showing that he is not dangerous. *Id.* at 658, 662.

Since *Williams*, when determining dangerousness, the Sixth Circuit has considered both the conduct which led to the defendant's § 922(g)(1) charge and whether the defendant was on supervised release when he or she accumulated the charge. *See United States v. Vaughn*, No. 23-5790, 2024 WL 4615853 at *2 n.2 (6th Cir. Oct. 30, 2024) (concluding that "[t]he fact that Vaughn's § 922(g)(1) conviction resulted from an incident where he shot at an individual certainly would

5

lend to a showing of his dangerousness"); *see also United States v. Goins*, 118

F.4th 794, 798 (6th Cir. 2024) (finding disarming individuals on parole, probation,

or supervised release to be consistent with the nation's history and tradition).

## II.   ANALYSIS

As stated earlier, Defendant claims § 922(g)(1) is unconstitutional on its face

and as applied to him.  He also argues that *Williams*' interpretation of the statute

renders it unconstitutionally vague and overbroad.

### Facial Challenge

As a threshold matter, *Williams* forecloses Defendant's facial challenge to

§ 922(g)(1).  113 F.4th at 657.  The Sixth Circuit found the statute constitutional on

its face.  This Court is bound to follow the appellate court's ruling.  *See Hutto v.*

*Davis*, 454 U.S. 370, 374-75 (1982) (emphasizing that courts must follow "the

federal court system created by the Constitution and Congress).

### As-Applied Challenge

As to Defendant's as-applied challenge, applying *Williams* to the facts of this

case, the Court finds that he is dangerous and can be constitutionally disarmed.

Defendant has only one prior felony conviction—a 2022 conviction for

attempted carrying a concealed weapon ("CCW").  This offense falls within

*Williams*' second category because, although not a violent crime, it "may

nonetheless pose a significant threat of danger."  113 F.4th at 659; *see also United*

6

*States v. Johnson*, 764 F. Supp. 3d 566, 573 (E.D. Mich. 2025) (concluding that the defendant's CCW convictions falls within the second category); *United States v. Jones*, No. 24-cr-20427, 2025 WL 48072, at *3 (E.D. Mich. Jan. 8, 2025) ("[T]he court in Williams indicated support for including a conviction for possessing a firearm as a felon in the second category."); *United States v. Flores*, No. 24-cr-20579, 2025 WL 348390, at *2 (E.D. Mich. Jan. 30, 2025) (holding that a conviction for carrying a concealed weapon falls within the second category because "[t]he presence of unregistered deadly weapons ... presents the potential for significant danger").  The Sixth Circuit explained in *Williams* that "most" crimes in this second category "put someone's safety at risk, and thus, justify a finding of danger."  113 F.4th at 659; *see also id.* at 662 (stating that "[t]he government could've pointed to any one of those convictions," including the defendant's felon in possession of a firearm conviction, "to demonstrate his dangerousness").

The facts surrounding Defendant's current charges further reflect his dangerousness.  Defendant not only possessed ammunition and a firearm, but he discharged the weapon in response to a fistfight.  Defendant shot two individuals.  Defendant's self-defense argument in his reply brief is unpersuasive, as the incident, as reflected in a surveillance video, does not support a reasonable belief

that he or his companion faced deadly or serious bodily harm when Defendant fired the weapon.

For these reasons, the Court finds the application of § 922(g)(1) to Defendant constitutional.  Defendant offers no compelling evidence or argument to undermine a finding of dangerousness.  His as-applied challenge therefore also fails.

### Overbreadth and Vagueness

"A criminal statute is unconstitutionally vague if it defines an offense in such a way that ordinary people cannot understand what is prohibited or if it encourages arbitrary or discriminatory enforcement."  *United States v. Kernell*, 667 F.3d 746, 750 (6th Cir. 2012).  However, "[t]he void-for-vagueness doctrine . . . focuses on the actions of Congress, not the other branches."  *United States v. Lopez*, 929 F.3d 783, 785 (6th Cir. 2019).  As judges in this District have explained in rejecting vagueness challenges to § 922(g)(1) based on *Williams*' interpretation, vagueness is a doctrine that applies to statutes, not to interpretations by a court.  *United States v. Bell*, 755 F. Supp. 3d 992, 100-01 (E.D. Mich. 2024) (Drain, J.) (finding that no authority seems to exist "for the proposition that a *judicial ruling* pertaining to a statute can make the statute unconstitutionally vague"); *United States v. Jennings*, 754 F. Supp. 3d 763, 772 (E.D. Mich. 2024) (Berg, J.); *see also United States v. Nelson*, No. 23-cr-20566, 2025 WL 581454, at

*2 (E.D. Mich. Feb. 21, 2025) (Behm, J.); *United States v. Flores*, No. 24-cr-20579, 2025 WL 348390, at *2 (E.D. Mich. Jan. 30, 2025) (Edmunds, J.).  And overbreadth challenges apply to the First, not the Second, Amendment.  *See United States v. Huff*, 630 F. App'x 471, 487 (6th Cir. 2015) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)) ("The Supreme Court has 'not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment.'").

Moreover, as Judge Drain found in *Bell*, "there is no question that § 922(g)(1) is clear on its face.  It proscribes a felon from possessing a firearm." 755 F. Supp. 3d at 1001 (citing *United States v. Smith*, 770 F. App'x 955, 960 (11th Cir. 2019) (holding that "the plain language of § 922(g)(2) makes it clear" that it is unlawful for a felon to possess a firearm that has moved in interstate commerce; this is "straightforward and sufficient to provide fair warning of the proscribed conduct.")).  Further, when applied to dangerous people, the Sixth Circuit held that § 922(g)(1) is constitutional and, therefore, not void or vague.  *Williams*, 113 F.4th at 662-63.  As discussed earlier, this holding is binding on this Court and must be applied.

## III.   CONCLUSION

For the reasons discussed, the Court rejects Defendant's facial, as-applied, void for vagueness, and overbreadth challenges to § 922(g)(1).  The Indictment is not subject to dismissal on Second Amendment grounds.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 22) is

**DENIED**.

                                        s/ Linda V. Parker
                                        LINDA  V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: September 24, 2025

10